(21 Misc. Rep. 64.)

FORST v. FARMER.

(Supreme Court, Appellate Term. July 29, 1897.)

BROKER—AGREEMENT FOR DIVISION OF COMMISSIONS—EVIDENCE.

Neither a purchaser's failure to give notice to the vendors, when the contract was made, that, by agreement with the broker, he was entitled to half the commissions, nor his payment of the deposit on the contract of purchase, without attempting to deduct his share of the commissions, is a circumstance rendering improbable his testimony, contradicted by the broker, that the broker agreed to make such division with him.

Appeal from Thirteenth district court.

Action by Emily Forst against Elkin Farmer, impleaded. From a judgment on a verdict for defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Arthur J. Westermayer, for appellant.

W. F. Dunning, for respondent.

BISCHOFF, J. The plaintiff's assignor, Paul C. Forst, earned commissions as a broker in effecting the sale of certain real estate to the defendant, Farmer, having been employed by the firm of Robertson & Gammie, the vendors, who made no dispute that the right to commissions had accrued. The property was sold to Farmer for $54,200, and Forst's commissions, amounting to $540, were paid him, less $192, which sum Robertson & Gammie were prepared to pay, but retained because Farmer laid claim to it. When sued by Forst for the amount, Robertson & Gammie paid the money into court, and caused Farmer to be brought in as a party, by order of interpleader, and the issue at the trial was whether Farmer was entitled to the sum, or Forst. Farmer's claim was based upon an alleged agreement whereby Forst had promised to divide the commissions with him should he purchase the property at the price stated, which was excessive, by some two or three hundred dollars, of the price which he had been willing to pay, and that, relying upon this agreement, he made the purchase. His testimony as to the making of the agreement, and as to the surrounding circumstances, was given, apparently, in an honest and straightforward manner, and his cross-examination tended in no way to discredit him. The jury were led to believe his story, rather than Forst's, as they were fully authorized to do, and much weight should be accorded their finding upon this question of credibility, since they had the opportunity of seeing and hearing the witnesses personally. Forst was corroborated by his wife, the plaintiff, in his testimony that no such agreement was ever made; but these two witnesses had an interest in the action equal to that of Farmer, and it was for the jury to give such value to the corroboration as they considered it to merit.

This appeal proceeds strictly upon the ground that the verdict was against the weight of the evidence, but it appears to us that, by so holding, we should do manifest injustice to the respondent. Only where the court can fairly say that the jury were led away from a proper consideration of the evidence through bias, prejudice, or passion, or failed to give certain of the proof the weight which it obviously deserved, may their verdict be disturbed. Any other rule would substitute the appellate court for the jury, and deprive the party of a constitutional right. If this verdict were based upon testimony inherently improbable or opposed to the facts, as borne out by extraneous circumstances, there would be some reason for our disapproval of the result; but here we find merely a conflict of evidence, of such a nature that, while the testimony given by both sides could not be true, the testimony of either could have been accepted as against that of the other, by the tribunal of fact, with perfect pro-

priety. Thus, the case was eminently one for the determination of a jury, whose finding must be conclusive.

It is claimed by the appellant that Farmer's failure to give notice to the vendors, at the time when the contract of sale was made, that he was entitled to half of Forst's commissions, was a suspicious circumstance, and that his payment of $1,000 deposit upon the contract, without attempting to deduct his alleged share, was a fact which rendered Forst's testimony, that no agreement had been made, the more probable. We do not think that the circumstance had any significance, since Farmer's agreement with Forst was distinct from his contract with the vendor, and, the payment of the deposit being a necessary element of the purchase, it was the purchaser's duty to pay the amount, irrespective of any understanding which he had with the broker, whose commissions followed the contract of sale, and so did not accrue until that contract, at least, had been concluded by the purchaser's payment of the deposit required. An appeal upon the facts, prompted by the defeated party's conviction that his allegations are true, is not uncommon, nor is it unnatural, but something much stronger than this conviction must be present in order that the jury's conclusion as to the truth, reached upon evidence apparently satisfactory, may be rejected.

The judgment must be affirmed, with costs. All concur.